STATE OF NEBRASKA, APPELLEE, v. CLIFFORD JONES, SR., ALSO KNOWN AS GLASSES, APPELLANT.

222 N. W. 2d 831

Filed October 31, 1974. No. 39482.

Clayton H. Shrout of Shrout, Caporale, Krieger, Christian & Nestle, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

Defendant Jones was charged with the crime of intentionally being in possession, on March 28, 1973, of a controlled substance, heroin, with intent to distribute, deliver, or dispense. Previous to trial a motion to suppress certain physical evidence, namely, the heroin and various paraphernalia used in connection with the preparation of the same for sale, was made and a hearing held thereon. The motion was denied. Defendant entered a plea of not guilty and, in the presence of his own counsel, waived trial by jury and consented to a trial by the District Judge upon the basis of police reports which were offered and received in evidence pursuant to an oral stipulation by the State, the defendant, and his counsel. The defendant submitted his own case without evidence.

The stipulation for trial on the evidence contained in the police reports is lacking in desirable specificity. However, it is clear from the interrogation of the defendant by the court that he, with the advice and consent of his experienced defense counsel, intended not only to waive a jury trial, but also intended to and did waive confrontation and cross-examination of witnesses, his own presence and the presence of his counsel during the consideration of the evidence by the court, the taking of oaths by witnesses, and all objections which might be made in the course of trial such as objections to evidence on the grounds of hearsay, lack of foundation, qualification of witnesses, and the actual offer and receipt of physical evidence. We so interpret the record. We further find that the defendant, who was personally addressed by the court during the course of the proceedings on the stipulation, voluntarily, knowingly, and intelligently waived all the foregoing constitutional and statutory rights.

After consideration of the evidence the trial judge announced a finding of guilty and pronounced a judgment of conviction. After continuance for a presentence investigation the defendant was sentenced to a term of 15 years, to be served concurrently with a federal sentence. The defendant appeals.

Three assignments of error are made here: (1) The trial court erred in denying the motion to suppress. (2) The evidence is insufficient to sustain the verdict. (3) The sentence imposed is excessive and illegal because section 28-4,125, R. S. Supp., 1972, was amended before the judgment became final and such amendment provided for a lesser maximum sentence than that imposed by the court.

The charge and conviction in this case arise from the same transaction and the same search and seizure with which we dealt in State v. Patterson, ante p. 308, 220 N. W. 2d 235. The suppression hearing in that case and the one in this case were jointly held and counsel for the

defendant participated fully therein. The record of the suppression hearing is identical in both cases. It is clear that the defendant and his skilled counsel were familiar with and recognized the overwhelming nature of the proof of guilt. For these reasons defendant and his counsel reasonably determined to put all their eggs in the suppression basket. Patterson was tried and convicted before the defendant Jones was brought to trial. When our opinion in State v. Patterson, *supra*, was filed the basket fell and the eggs were broken. Our opinion in State v. Patterson, *supra*, insofar as assignment No. (1) is concerned, governs this case.

With reference to the sufficiency of the evidence to sustain the conviction, we have examined the police reports which were offered and received in evidence. These reports establish, with less detail, essentially the same picture which supported the conviction in State v. Patterson, *supra*. The defendant here was one of the persons arrested in the raid described in that case. The defendant's implication in the plan to distribute the heroin seized at that time was established by the eyewitness testimony of an accomplice whose signed interrogation appears in the reports. The presence of heroin, the quantities seized, and the evidence of packaging for distribution are uncontradicted. The evidence is just as convincing as that in State v. Patterson, *supra*, and is clearly sufficient to support the conviction.

The State concedes that assignment No. (3) is well taken on the basis of our holding in State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225; and State v. Patterson, *supra*.

The judgment of conviction is affirmed. The sentence is vacated and the cause remanded for resentencing.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.